IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ZACHARY GIBBS,

                Petitioner,

v.                                        1:12-cv-4161-WSD

UNNAMED,

                Respondent.

**OPINION AND ORDER**

This matter is before the Court following Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [2] regarding Zachary Gibbs' ("Petitioner") *pro se* letter [1] and the Clerk of Court's notification of mail being returned as undeliverable [4].

**I.    BACKGROUND**

On November 27, 2012, Petitioner sent a *pro se* letter to the Court regarding his confinement, which the Clerk of Court docketed as a civil rights complaint pursuant to 28 U.S.C. § 1983 [1].

On December 7, 2012, the Magistrate Judge construed Petitioner's letter as a writ of habeas corpus under 28 U.S.C. § 2241, issued her Final R&R [2], and recommended that this action be dismissed without prejudice because Petitioner

had not exhausted his available state remedies.  (R&R at 1-3).  A copy of the Final R&R was mailed to Petitioner's last-known address at the Cobb County Adult Detention Center in Marietta, Georgia [3].

On December 31, 2012, the copy of the Final R&R that the Clerk of Court had mailed to Petitioner was returned as "not deliverable to addressee" and "unable to forward" because Petitioner was "not in custody" at the Cobb County Adult Detention Center [4].  Since that date, Petitioner has not notified the Court of a new address or filed any documents in this action.

## II.   DISCUSSION

The Court's Local Rules permit dismissal of an action without prejudice if a party appearing *pro se* fails to keep the Court informed of any change in his address and/or telephone number and such failure causes a delay or otherwise adversely affects the management of the case.  LR 41.2 C., NDGa.[1]

The Court determines that dismissal of this action without prejudice is warranted due to Petitioner's failure to keep the Court informed of his address.  It

---

[1] Local Rule 41.2 C. provides that

> [t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice.

is Petitioner's responsibility to keep the Court properly informed of an address for service and his failure to do so has adversely affected the case by preventing service of the Final R&R and communication with him.[2]

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2 C.

**SO ORDERED** this 30th day of January, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that even if Petitioner had kept the Court informed of his address and filed objections to the Final R&R, the Court would find, on a *de novo* review, that the findings and conclusions of the Magistrate Judge are correct and this action should be dismissed based on Petitioner's failure to exhaust state remedies.